NOT DESIGNATED FOR PUBLICATION

Nos. 120,430
120,431

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CONNIE H. VINEYARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 14, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Connie H. Vineyard appeals the district court's decision revoking her probation and ordering her to serve a modified prison sentence in two separate cases. We granted Vineyard's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and requests that the district court's judgment be affirmed.

In 17CR361, Vineyard pled guilty to one count of possession of heroin. In 17CR714, Vineyard entered an *Alford* plea to another charge of possession of heroin, and she also pled guilty to identify theft and forgery. On September 1, 2017, the district court imposed consecutive 22-month prison sentences and granted probation for 18 months.

1

At a hearing on October 10, 2018, Vineyard stipulated to violating her probation on several grounds, including committing a new crime of interference with a law enforcement officer. She argued for extended probation and another chance to complete drug treatment. The district court revoked Vineyard's probation and ordered her to serve her original prison sentences, but it ran the sentences concurrently rather than consecutively. Vineyard timely appealed.

On appeal, Vineyard contends that the district court's decision to revoke her probation was an abuse of discretion. Vineyard asserts that she is an AIDS victim with a clear drug addiction, and the district court should have extended her probation with conditioned drug treatment.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Vineyard's probation after finding that she had committed a new crime while on probation. As Vineyard concedes, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). In revoking Vineyard's probation, the district court noted that she had rejected drug treatment available to her while on probation and also that she had failed to

report to her probation officer. The district court showed leniency by modifying Vineyard's sentences to concurrent terms. But the court's decision to revoke Vineyard's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Vineyard has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve a modified prison sentence.

Affirmed.